UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-25106-BLOOM/Elfenbein

SAMUEL LEE SMITH, JR,

    Plaintiff,

v.

CARLOS ROSADO, ELISSA WEINTRAUP,
THE VILLAGE OF PINECREST

    Defendants.
_____/

## ORDER ON MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

**THIS CAUSE** is before the Court upon Defendant Samuel Lee Smith's *pro se* Motion for Leave to Proceed *in Forma Pauperis* ("Motion"), ECF No. [3]. Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply. Under the statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Moreover, "a district court does, and indeed must, have the power to control and direct the cases on its docket." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) (citations omitted). This includes the inherent power to dismiss a case. *Id.* The Court has reviewed the Complaint, the Motion, the record, and is otherwise fully advised. For the reasons stated below, the Complaint is dismissed, and the Motion is denied as moot.

Case No. 24-cv-25106-BLOOM/Elfenbein

On December 27, 2024, Defendant filed the Complaint in this case asserting several § 1983 claims, a "Federal Civil Rights" claim, as well as several state law tort claims. *See* ECF No. [1]. However, these were not original claims. After a review of the Complaint, it appears that the Complaint is a duplicate of the Amended Complaint Defendant filed in *Smith v. Rosado*, et al., 1:24-cv-24339. *See* ECF No. [7]. "It is well settled that a plaintiff 'may not file duplicative complaints in order to expand their legal rights.'" *Greene v. H&R Block Eastern Enterprises, Inc.*, 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010) (quoting *Curtis v. Citibank*, 226 F.3d 133, 140 (2d Cir. 2000)). Accordingly, "a district court has authority as part of its inherent power over its docket administration to stay or dismiss a suit that is duplicative of another case then pending in federal court." *Greene*, 727 F. Supp. at 1367; *see also Moore v. Brown*, Case No.: 3:22cv02311, 2022 WL 18108679, at *1 (N.D. Fla. Nov. 7, 2022) ("A complaint that is malicious is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) . . . Applying that definition, the Eleventh Circuit has held that duplicative cases qualify as malicious for purposes of § 1915(e)(2)(B)(i)") (citing *Daker v. Ward*, 999 F.3d 1300, 1305-06 (11th Cir. 2021)). Since the Court finds that Defendant's instant Complaint is duplicative of the Amended Complaint in *Smith v. Rosado, et al.*, 1:24-cv-24339, the Court will dismiss the case as malicious pursuant to § 1915(e)(2).

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant Samuel Lee Smith's Complaint, ECF No. [1], is **DISMISSED**.
2. 
3. Defendant's Motion to Proceed *In Forma Pauperis*, ECF No. [3], is **DENIED as MOOT**.

4. Defendant's Motion for Referral to Volunteer Attorney Program, ECF No. [4], is **DENIED as MOOT**.

5. The Clerk of Court is directed to **CLOSE** this case.

6.

2

Case No. 24-cv-25106-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 3, 2025.

                                                **BETH BLOOM**
                                                **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record